## Disano v. National Biscuit Company

*Perry J. Shertz*, for plaintiff.
*Arthur Silverblatt*, for defendant.

SCHIFFMAN, J., February 27, 1969.—We have before us defendant's rule to show cause why a protective order should not be issued against plaintiff to preclude his obtaining information contained in a lease agree-

ment between defendant and the Lee Fleet Lease Corporation.

This is an action in trespass arising out of an accident which occurred on December 4, 1963, when a vehicle, owned and operated by plaintiff Carl Disano, collided with one owned by Lee Fleet Lease Corporation and leased to the National Biscuit Company, defendant herein, which at the time of the accident was being driven by one Margaret Feist, the wife of an employe of defendant.

The complaint filed herein alleges that said Margaret Feist was the agent, servant, workman or employe of defendant National Biscuit Company at the time the accident occurred. This allegation was denied by defendant in its answer wherein it was alleged that Mrs. Feist was not an agent of defendant, but rather was merely the bailee of the automobile with defendant National Biscuit Company, the bailor.

Plaintiff filed interrogatories herein in which it sought to discover if defendant's vehicle was leased and the terms of that lease. Defendant admitted the existence of such a lease and identified the lessor as the Lee Fleet Lease Corporation. It refused, however, to set forth the terms of the lease or to provide defendant with a copy thereof. Plaintiff then obtained an order upon defendant to produce the lease in question so that it might be inspected and copied by plaintiff. Subsequent to that order, defendant filed the within rule to show cause why it should not be protected from producing the lease, pursuant to Pennsylvania Rule of Civil Procedure 4012, upon the limitations expressed in Pa. R. C. P. 4007.

The only issue raised at argument by defendant in support of its position is that it should not be required to produce the lease, since it is not relevant to the proceedings and therefore cannot aid plaintiff in preparation for trial. No issue is raised with regard to its being

a privileged matter. Thus, the sanction contained in Pa. R. C. P. 4007, invoked by defendant, is that the lease is not relevant to this case and therefore cannot aid in preparation for trial.

It has been repeated often by this court and other courts of this commonwealth that it is difficult to determine in advance of trial just what evidence is relevant. Therefore, any reasonable doubt as to the relevancy of a given piece of evidence should be resolved in favor of its relevancy: Prep v. Pennsylvania Turnpike Commission, 29 D. & C. 2d 665, 682. The actual determination of relevancy should be made at the time of trial: Ruddy v. Pennsylvania Gas & Water Co. 36 D. & C. 2d 705; Nardell v. Scranton-Spring Brook Water Service Co., 24 D. & C. 2d 663.

We cannot agree with defendant's contention that the matter of the lease between defendant and the company from which the subject car was leased is so patently irrelevant as to require the relief it seeks.

Plaintiff is not bound by defendant's denial of agency nor is it inconceivable, even if a bailment situation exists here, that the facts ultimately presented will place some responsibility upon defendant. Certain situations can be envisioned which would lead to a bailor's being responsible for the acts of a bailee: General Motors Acceptance Corporation v. Baltimore and Ohio Railroad Company, 97 Pa. Superior Ct. 93.

It is therefore apparent that the question of relevancy here is one which cannot be readily determined in light of the information presently before us. In such situations, it is the policy of this court that we will allow the discovery sought at this stage of the proceedings: Cf. Ruddy v. Pennsylvania Gas & Water Co., supra; Nardell v. Scranton Spring Brook Water Service Co., supra.

ORDER

Now, this February 27, 1969, at 10 a.m., (EST), rule of defendant National Biscuit Company to show

cause why a protective order should not be issued pursuant to Pa. R. C. P. 4012 is discharged. Defendant National Biscuit Company is directed to comply forthwith with the order of this court entered pursuant to Pa. R. C. P. 4009 on November 22, 1967, directing said defendant to produce the lease here in question.